■ JOSEF BURTON, as Trustee Under the Anne Buxbaum Revocable Living Trust and as Executor of Anne D. Buxbaum, Deceased, Appellant-Respondent, v PNC BANK, N.A., Respondent-Appellant. PNC BANK, N.A., Third-Party Plaintiff-Appellant, v A.G. EDWARDS & SONS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [784 NYS2d 544]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered July 3, 2003, which, inter alia, denied defendant PNC Bank's cross motion for summary judgment dismissing plaintiff's complaint, unanimously modified, on the law, to grant PNC's cross motion to dismiss the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant PNC Bank, N.A. dismissing the complaint. Appeal from judgment, same court and Justice, entered July 28, 2003, dismissing defendant PNC Bank's third-party complaint, unanimously dismissed as moot, without costs.

Plaintiff alleges that defendant PNC Bank improperly honored checks written against the subject account by one Lyuri Hardishek, who, according to plaintiff, was "a stranger to the account." Thus, plaintiff contends that the checks were not "properly payable" pursuant to UCC 4-401 and that Hardishek's signature on the checks was unauthorized and, as such, inoperative (*see* UCC 3-404). However, Edward Burton, plaintiff's father and cotrustee of the trust that opened the account, had issued a short form power of attorney to Hardishek conferring broad and unrestricted power to act in his stead, which, pursuant to statutory provision, includes the power "[t]o make, to sign and to deliver checks or drafts for any purpose" (General Obligations Law § 5-1502D [3]). That the power of attorney was executed prior to the opening of the account is immaterial, since the broad power of attorney remained in effect during the time that Hardishek wrote the checks. While plaintiff argues that the power of attorney granted by Edward Burton in his individual capacity does not entitle Hardishek to act as Burton's attorney-in-fact with respect to the trust, "the language conferring general authority with respect to 'estate transactions[ ]' must be construed to mean that the principal authorizes the agent: . . . to act for the principal in all ways and in all matters affecting any . . . trust . . . with respect to which the principal is a fiduciary" (General Obligations Law § 5-1502G [2]). This power is exercisable with the administration of any trust in which the principal is interested at the giving of the power of attorney or may thereafter become interested (General Obligations Law § 5-1502G). Plaintiff's contention that Edward Burton, as trustee, was incapable of delegating such authority to Hardishek is

unavailing.* Since Edward Burton, who granted power of attorney to Hardishek, would be estopped from asserting that he lacked the authority to do so, plaintiff, as cotrustee, should be similarly estopped.

In light of the above, the appeal from the dismissal of the third-party complaint is academic. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.

---

* General Obligations Law § 5-1504 (4), which provides that "[n]o financial institution receiving and retaining a statutory short form power of attorney . . . shall incur any liability by reason of acting upon the authority thereof," is of no benefit to defendant since it never received the power of attorney.